## D. L. Carmichael, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 12061.   Decided November 11, 1926.

> Taxpayers are permitted under regulations of the Commissioner to take inventories upon the basis of (a) cost, or (b) cost or market, whichever is lower. *Held,* that a taxpayer who took his inventory upon the basis of cost or market, which was the same as cost, at the close of the year 1920, is permitted to take his inventory upon the basis of cost or market, whichever is lower, at December 31, 1921.

*D. L. Carmichael* pro se.
*W. Frank Gibbs, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the year 1921 in the amount of $425.05. Only a part of this amount is in controversy. The question in issue is whether the petitioner is entitled to reduce his book inventory at the close of 1921, in the amount of $1,906.81, to reflect a decline in the market price of merchandise on hand.

### FINDINGS OF FACT.

The petitioner is a dealer and contractor in tile in the City of Atlanta, Ga. In the computation of net income for any year it is necessary to take into account tile on hand. Prices of tile advanced from 1918 to 1920. There was a 15 per cent advance in price in 1918 and a 20 per cent advance in 1919. When these advances occurred the petitioner appreciated his inventories accordingly. Such appreciation in inventory was reflected in the net income of the year in which the appreciation occurred.

There was a reduction in the price of tile in 1921 of 20 per cent of the then market price. Since the petitioner had appreciated his inventories at the time when there was an increase in market price, he made a corresponding reduction in inventory when there was a decline in market price. The book value of the inventory at December 31, 1921, was $11,440.81, which the petitioner reduced by the amount of $1,906.80 to take care of the decline in price. The Commissioner disallowed the reduction of the inventory at the close of the year in the amount of $1,906.80 and increased net income accordingly.

There was a rapid turnover of tile in the petitioner's business. Most of the tile on hand at December 31, 1921, had been purchased in 1920 or 1921.

OPINION.

Smith: Section 203 of the Revenue Act of 1921, provides:

That whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income.

The Commissioner has provided that inventories shall be taken on the basis of (a) cost, or (b) cost or market, whichever is lower. Article 1582, Regulations 62. For a number of years prior to 1918 the petitioner had taken his inventories upon the basis of cost. When there was an advance in the price of tile during the years 1918 and 1919, the petitioner took his inventories upon the basis of market, which was above cost. By doing so he showed a larger net income than he would have shown if the inventories had continued to be taken upon the basis of cost. The inventory at December 31, 1920, included goods which had generally been purchased at the increased prices. Although the petitioner did not attempt to take his inventory at December 31, 1920, strictly upon the basis of cost or market, whichever is lower, the inventory was actually taken upon that basis, since there was no difference between the cost and the market price. At December 31, 1921, the petitioner took his inventory on the basis of cost or market, whichever is lower, and thereby brought himself within the requirements of the regulations that his inventory must be taken upon the basis of either (a) cost, or (b) cost or market, whichever is lower.

*Judgment will be entered on 15 days' notice, under Rule 50.*